IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Samuel L. Thornton, | Case No. 3:06 CR 722 |
| | (3:09 CV 813) |
| Defendant/Petitioner, | |
| | MEMORANDUM OPINION |
| -vs- | AND ORDER |
| | |
| United States of America, | JUDGE JACK ZOUHARY |
| | |
| Plaintiff/Respondent. | |

*Pro se* Defendant Samuel Thornton filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence (Doc. No. 244). The Government opposes his Motion (Doc. No. 249). For the reasons set forth below, Defendant's Motion is denied.

**BACKGROUND**

Defendant was named in a 17-count Indictment (Doc. No. 1) which charged Defendant and five co-defendants with conspiracy to commit drug offenses in violation of 21 U.S.C. §§ 841 & 846 (Count 1). Defendant was also charged with possession of cocaine (Counts 7, 8, & 10), marijuana (Count 9), and cocaine base (Counts 11 & 12), all with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Defendant pled not guilty, as did co-defendant Robert Poole. On January 29, 2007, a jury trial commenced on the charges against Defendant and Poole. On the second day of trial, Defendant decided to change his plea and enter a plea of guilty as to all counts. Defendant's verbal plea was to

be supplemented with a written plea agreement prior to sentencing (Doc. No. 150). The trial resumed for Poole, who was found guilty of Counts 1 and 12, and not guilty on Count 13.

On April 23, 2007, Defendant's oral plea was reduced to writing, signed by Defendant, and accepted by the Court (Doc. Nos. 180-81). Under the written plea agreement, Defendant admitted to his culpability to each count (Doc. No. 181 ¶ 2). In the agreement, he also agreed to waive his right to file a direct appeal and his right to file collateral challenges, including proceedings under 28 U.S.C. § 2255, except for certain reserved appellate rights. The section of the agreement addressing the reserved appellate rights states:

> Defendant reserved the right to appeal: (a) any punishment in excess of the statutory maximum; (b) any punishment to the extent it exceeds the maximum of the sentencing range determined under the advisory Sentencing Guidelines in accordance with the sentencing stipulations and computations in this agreement, using the Criminal History Category found applicable by the Court. Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.

(*Id.* ¶ 16).

The Presentence Report (PSR) calculated Defendant's base offense level at 30, which reflected a two-level reduction for acceptance of responsibility under Guideline § 3E1.1. The PSR calculated Defendant's Criminal History Category as Level III, resulting in a Guideline range of 121 to 151 months imprisonment. The Court ultimately sentenced Defendant to 136 months (with a 12-month credit for time served in state custody) and five years of supervised release (Doc. No. 183).

Defendant timely appealed his sentence in May 2007. The Sixth Circuit appointed attorney Shawn Hooks to serve as Defendant's appellate counsel (Doc. No. 205). Hooks filed a motion to withdraw and an *Anders* brief. *See United States v. Thornton*, No. 07-3635 (6th Cir. Jul. 31, 2008) (unpublished order affirming Defendant's conviction and sentence). Defendant filed a one-page letter

as his *pro se* response in which "he summarily questions the accuracy of the plea and sentencing transcripts." *Id.* at p. 1. The Sixth Circuit held that Defendant validly waived his right to appeal his sentence in the plea agreement, and thus there was no viable ground for challenging his conviction on direct appeal. *Id.* at pp. 2-3.

Defendant filed the instant Section 2255 Motion to Vacate, Correct, or Set Aside his Sentence on April 8, 2009. Defendant argues he is entitled to relief because his appellate counsel was ineffective for failing to raise various issues before the Sixth Circuit on direct appeal.

### STANDARD OF REVIEW

To prevail on a Section 2255 motion alleging non-constitutional error, defendant must establish the error "qualifies as 'a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). This stringent standard recognizes that habeas petitions are not meant to take the place of direct appeals. *See Sunal v. Large*, 332 U.S. 174, 178 (1947).

To prevail on a Section 2255 motion alleging constitutional error, defendant must establish an error which had a substantial and injurious effect or influence on the proceedings. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). However, in the case where defendant has failed to assert his claims on direct appeal, and thus has procedurally defaulted on these claims, to raise them in a Section 2255 motion he also must show "either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

Furthermore, "[i]t is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'" *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)). "A petitioner seeking to vacate a sentence pursuant to § 2255 has the burden of sustaining his contentions by a preponderance of the evidence." *McNeil v. United States*, 72 F. Supp. 2d 801, 804 (N.D. Ohio 2004).

## DISCUSSION

### Ineffective Assistance of Appellate Counsel

Defendant alleges appellate counsel was ineffective because he did not challenge the validity of Defendant's guilty plea. Defendant contends appellate counsel should have challenged the validity of his guilty plea on the following ground: there was an insufficient factual basis tying Defendant to the conspiracy charge (Count 1). Defendant points to his trial counsel's objection during trial to this Court's ruling that certain co-conspirator statements were admissible under Federal Evidence Rule 801(d)(2)(E), a hearsay exclusion, because the Government had established the existence of a conspiracy by Evidence Rule 104(a)'s preponderance-of-the-evidence standard. Defendant appears to be arguing appellate counsel erred by not challenging this ruling on direct appeal.

For a claim of ineffective assistance of counsel, a defendant must ordinarily prove two components: (1) counsel's performance was deficient; and (2) resulting prejudice, such that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. 362, 391 (2000).

4

To satisfy the first prong, a defendant must point to specific errors, and the reviewing court must determine "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "[J]udicial scrutiny of a counsel's performance must be highly deferential and [] every effort must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." *Bell v. Cone*, 535 U.S. 685, 698 (2002) (internal citations omitted).

To satisfy the second prong, a defendant must demonstrate prejudice, establishing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

Appellate counsel's performance is also evaluated in accordance with the two-prong *Strickland* standard. *Mapes v. Tate*, 388 F.3d 187, 191 (6th Cir. 2004). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). To demonstrate that appellate counsel has rendered deficient performance under *Strickland*, "the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.'" *Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003) (quoting *Smith v. Robbins*, 528 U.S. 259, 289 (2002)).

Defendant's ineffective assistance of counsel claim is not well taken for several reasons. First, in his plea agreement, Defendant expressly waived his right to challenge numerous issues on direct appeal, including this Court's evidentiary ruling at trial with respect to the admissibility of co-conspirator statements. Thus, appellate counsel could not raise this issue on appeal without violating

5

the terms of the plea agreement. Second, Defendant pled guilty to conspiracy, admitting in his signed plea agreement that with respect to Count 1, the conspiracy charge:

(1) that the conspiracy alleged in Count 1 of the Indictment existed;

(2) that the defendant knew of the conspiracy; and

(3) that the defendant knowingly and voluntarily joined the conspiracy.

(Doc. No. 181 ¶ 2). Furthermore, in the plea agreement Defendant stipulated that he "conspired to possess with intent to distribute at least 5 kilograms but less than 15 kilograms of cocaine" (*id.* ¶ 11). Thus, any argument that appellate counsel had an obligation to challenge the factual basis of Defendant's involvement in the conspiracy underlying his guilty plea is baseless.

A voluntary and intelligent guilty plea usually forecloses later attempts to challenge the sufficiency of the evidence because "the plea serves not only to admit the conduct charged in the indictment but also to concede guilt of the substantive crime." *In re Hanserd*, 123 F.3d 922, 926 (6th Cir. 1997). In that regard, this is not a case where a criminal defendant claims to have wrongly pled guilty because he or she misunderstood the law in relation to the facts. *See id.* (finding guilty pleas, given under such circumstances, involuntary and thus subject to revocation). The Sixth Circuit already concluded on direct appeal that Defendant entered his guilty plea voluntarily and intelligently. *Thornton*, No. 07-3635, at pp. 2-3.

In sum, appellate counsel's failure to challenge the sufficiency of the evidence upon which Defendant's guilty plea to the conspiracy count was premised was not "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Indeed, mounting such a challenge would have contradicted the terms of the plea agreement.

**Other Allegations**

In his Motion, Defendant also complains that he "was never giv[en] a chance to talk to the court detective [presumably referring to the AUSA or FBI agent handling the case] about any type of deal or a proffer. I told my lawyer I wanted to talk to someone and explain what am guilty of before trial. I was not allowed." (Doc. No. 244, p. 4). The record belies this assertion. Defendant had the opportunity to change his plea two months before trial but refused to do so prior to the October 31, 2006 plea deadline (*see* Doc. Nos. 116 & 118). Furthermore, Defendant was able to change his plea at a *very* late stage of the proceedings -- after the jury was empaneled and the trial had begun -- and received a two-level reduction for acceptance of responsibility.

Defendant also makes vague references to allegedly faulty jury instructions in his Motion: "the prejudicial issue of jury instructions regarding the establishment of factual basis for the movant's participation in the conspiracy as stated in Count 1" (Doc. No. 244, p. 4). The Court fails to see the relevance of jury instructions, given that he pled guilty before his case was submitted to the jury.

Finally, in his Motion Defendant states: "I have 2 Brothers . . . Dennis Key is not my Brother" (Doc. No. 244, p. 4). This complaint, again, is irrelevant. Defendant's guilt was not founded on his familial connections, but rather his admissions to the Court when he pled guilty.

## CONCLUSION

Defendant's Section 2255 Motion to Vacate, Set Aside, or Correct his Sentence is denied. Defendant knowingly and voluntarily entered into his plea agreement which waived certain appellate rights, and appellate counsel was not deficient for not raising the issues which Defendant now complains.

Furthermore, pursuant to 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Defendant has failed to make a substantial showing of the denial of a constitutional right. Therefore, this Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

                                                     s/ *Jack Zouhary*
                                                JACK ZOUHARY
                                                U. S. DISTRICT JUDGE

August 12, 2009